IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LARRY D. CATHCART, Jr.,**

    **Plaintiff,**

                                            Civil Action 2:13-cv-502
    **vs.**                                     Judge Frost
                                            Magistrate Judge King

**SHERIFF ZACK SCOTT,** *et al.,*

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner now incarcerated in the Ross Correctional Institution who is proceeding *in forma pauperis* without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 against defendants Franklin County Sheriff Zach Scott, a number of otherwise unidentified deputy sheriffs, two otherwise unidentified judges, and an unidentified mental health nurse. Upon initial screen of the complaint pursuant to 28 U.S.C. §§ 1915(e), 1915A, the Court permitted the action to proceed against defendant Scott, who is the only named defendant. *Initial Screen of the Complaint*, Doc. No. 9. This matter is now before the Court for consideration of *Defendant Zach Scott's Motion to Dismiss* ("*Defendant Scott's Motion to Dismiss*"), Doc. No. 13. Defendant Scott seeks dismissal of the claims against him, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff opposes *Defendant Scott's Motion to Dismiss*,

*Plaintiffs'* [sic] *Motion Contra to Motion to Dismiss* ("*Plaintiff's Response*"), Doc. No. 16.  Defendant Scott has not filed a reply.  For the reasons that follow, it is **RECOMMENDED** that *Defendant's Motion to Dismiss* be **GRANTED.**

**I.   Standard**

A motion to dismiss under Rule 12(b)(6) attacks the legal sufficiency of the complaint.  *See Roth Steel Prods. v. Sharon Steel Co.*, 705 F.2d 134, 155 (6th Cir. 1983).  In determining whether dismissal on this basis is appropriate, a complaint must be construed in the light most favorable to the plaintiff, and all well-pleaded facts must be accepted as true.  *See Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996); *Misch v. Cmty. Mut. Ins. Co.*, 896 F. Supp. 734, 738 (S.D. Ohio 1994).  The United States Supreme Court has explained that, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007).  However, a plaintiff's claim for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id*. at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level[.]"  *Id*.  Accordingly, a complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 570.

**II.  Discussion**

Plaintiff brings this action under 42 U.S.C. § 1983, which

2

provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. A *prima facie* case under § 1983 requires evidence of (1) conduct by an individual acting under color of state law that (2) causes (3) the deprivation of a right secured by the Constitution or laws of the United States. *Day v. Wayne Cnty. Bd. of Auditors*, 749 F.2d 1199, 1202 (6th Cir. 1984) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). Section 1983 merely provides a vehicle for enforcing individual rights found elsewhere and does not itself establish any substantive rights. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002). Moreover, liability based on a theory of *respondeat superior* is not cognizable under § 1983. *See Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005); *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982). In order to be held liable under § 1983, a supervisor must have either "encouraged the specific incident of misconduct or in some other way directly participated in it." *Turner*, 412 F.3d at 643.

In the case presently before the Court, the *Complaint*, Doc. No. 1, seeks injunctive relief of an unspecified nature and monetary damages in connection with conditions to which plaintiff was allegedly subjected when he was detained at the Franklin County Jail.

3

Specifically, plaintiff alleges that he was housed in a dirty and unsanitary cell; was denied a shower for up to five days; was denied access to writing materials, books, and magazines; was denied access to a law library; and was refused all incoming mail, telephone calls, and visits. *Complaint*, p. 5. The *Complaint* further alleges that plaintiff was denied "recreation," "religious services," and "laundry services" for seven and a half months when such services were regularly offered to other prisoners. *Id*.

Defendant Scott argues that the claims asserted against him should be dismissed because the *Complaint* does not allege any "personal involvement by Defendant Scott concerning Plaintiff's alleged injuries" or "the existence of some policy or custom leading to Plaintiff's alleged injuries." *Defendant's Motion to Dismiss*, pp. 3-4. Plaintiff argues that he has provided defendant Scott with "fair notice" of the claims asserted against him and that, as a supervisor, defendant Scott can be held liable under § 1983 "for failure to take steps to provide an adequate system," "fail[ure] to correct a known violation," and "failure to properly train his officers and/or deficiency in training." *Plaintiff's Response*, pp. 2, 4. Plaintiff also argues that discovery "may well reveal a local custom, practice, or policy which led to all the violations" and that discovery is needed to identify the unknown John Doe defendants. *Id*. at p. 4. Plaintiff's arguments are not well taken.

First, the identification of the John Doe defendants has no bearing on whether plaintiff has stated a claim against defendant

4

Scott. Defendant Scott is a named defendant and plaintiff does not need discovery to reveal Scott's identity. Second, the *Complaint* contains no factual allegations whatsoever against defendant Scott, let alone facts sufficient to state a colorable claim against him. Although it is clear that plaintiff's claims relate to conditions to which plaintiff was allegedly subjected when he was detained at the Franklin County Jail, the *Complaint* does not specify any action taken by defendant Scott personally. Plaintiff now argues that defendant Scott may be liable under § 1983 as a supervisor. *See Plaintiff's Response*, p. 4. However, the *Complaint* contains no allegation that defendant Scott "encouraged the specific incident of misconduct or in some other way directly participated in it,'" *Combs v. Wilkinson*, 315 F.3d 548, 554 (6th Cir. 2002) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)), or "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Id*. (quoting *Hays*, 668 F.2d at 874). Moreover, the *Complaint* does not allege that defendant Scott failed to properly train employees, *see City of Canton v. Harris*, 489 U.S. 378, 381, 388 (1989), nor does the *Complaint* allege the existence of an improper policy or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

In short, the *Complaint* names defendant Scott as a defendant, but alleges no facts in support of any claim against defendant Scott and does not allege that defendant Scott denied plaintiff any right to which plaintiff is entitled. *See Combs*, 315 F.3d at 554 ("Supervisory

5

liability under § 1983 cannot be based upon a mere failure to act but must be based upon active unconstitutional behavior.") (citing *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)).  Lacking allegations giving rise to a colorable claim against defendant Scott, the *Complaint* cannot be salvaged by a mere hope that, through discovery, such facts will emerge.

It is therefore **RECOMMENDED** that *Defendant Scott's Motion to Dismiss*, Doc. No. 13, be **GRANTED**.

Plaintiff is **REMINDED** that Rule 4(m) of the Federal Rules of Civil Procedure requires that service of process on each defendant be effected within 120 days of the filing of the *Complaint*.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of*

6

*Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


September 6, 2013                          *s/Norah McCann King*
                                            Norah M<sup>c</sup>Cann King
                                       United States Magistrate Judge